# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Roderick Derell Crittenden, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 14-00147-KD-N |
| ) | |
| Alabama Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Petitioner Roderick Derell Crittenden, a state prisoner proceeding *pro se*, has filed a 28 U.S.C. § 2254 habeas corpus petition in this Court (Doc. 1), but has not filed a motion to proceed *in forma pauperis*. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Rules 4[1] and 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4). And it is **RECOMMENDED** that, because this Court lacks jurisdiction

---

[1] A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4. As will be discussed herein, this Court does not have subject matter jurisdiction over this petition. As such, this matter may undoubtedly be dispatched pursuant to Rule 4 and without a response from the State. *See Bea v. Johnson*, Civil Action No. 09–180–RK, 2009 WL 909226, at *1 (D. Del. Mar. 31, 2009) (in which the court cited Rule 4 in its determination that it lacked subject matter jurisdiction); *accord White v. Workman*, Civ. A. No. 10–965–GMS, 2010 WL 5151643, at *1 (D. Del. Dec. 13, 2010).

over Crittenden's petition, *see* 28 U.S.C. § 2241(d), the petition be **DISMISSED** and the Court find Crittenden not entitled to a certificate of appealability and therefore not entitled to appeal *in forma pauperis*.

I. **Applicable Background and Analysis**

Crittenden—who is incarcerated at Bibb Correctional Facility (*see* Doc. 1 at 1), which is located in Brent, in Bibb County, Alabama, within the Western Division of the Northern District of Alabama (*see* 28 U.S.C. § 81(a)(5))—is challenging his 2005 conviction and sentence by a state court in Dale County, Alabama (*see* Doc. 1), which is within the Southern Division of the Middle District of Alabama (*see* 28 U.S.C. § 81(b)(2)). Thus, "[t]he face of the Petition and exhibits attached thereto clearly demonstrate that Petitioner is not in custody in this district, he is not challenging a conviction or sentence issued by a[n Alabama] state court [within this District], and he is not challenging a sentence or conviction imposed by this court." *Bea v. Johnson*, Civil Action No. 09–180–RK, 2009 WL 909226, at *1 (D. Del. Mar. 31, 2009) (dismissing that "Petition for lack of subject matter jurisdiction" (citing 28 U.S.C. § 2254; 28 U.S.C. § 2241(d); 28 U.S.C. § 2242; Rule 4 of the Rules Governing Section 2254 Cases in the United District Court, 28 U.S.C. foll. § 2254)). Indeed, under § 2241(d),

> [w]here an application for a writ of habeas corpus is made by a person[, such as Crittenden,] in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts,[ such as Alabama,] the application may be filed in the district court for the district wherein such person is in custody[—here, the Northern District of Alabama—]***or*** in the district court for the district within which the State court was held which convicted and sentenced him[—here, the Middle District of Alabama—]***and each of such district courts shall have concurrent jurisdiction to entertain***

2

> *the application*. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

*Id.* (emphasis added).

As provided in § 2241(d), this Court is not one of the district courts with concurrent jurisdiction over this § 2254 petition. Thus, even if Crittenden has exhausted his state remedies, *see* 28 U.S.C. § 2254(b)(1), this Court is without jurisdiction to consider his petition, and it is due to be dismissed. *See, e.g., Allen v. Nevada*, Civil Action No. 13–0584, 2013 WL 1832412, at *1 (D.D.C. Apr. 26, 2013); *Chaparosa v. 1871 Corporate U.S.*, Civil Action No. 11 1017, 2011 WL 2182419, at *1 (D.D.C. May 31, 2011); *Barber v. Multnomah Cnty. Sheriff*, Cv. No. 10–1121–JE, 2010 WL 3834843, at *1 (D. Or. Sept. 27, 2010); *White v. Workman*, Civ. A. No. 10–965–GMS, 2010 WL 5151643, at *1 (D. Del. Dec. 13, 2010).

While 28 U.S.C. § 1631 directs this Court to transfer civil actions, after finding jurisdiction wanting, "to any other [ ] court in which the action . . . could have been brought at the time it was filed . . . if it is in the interest of justice," **here**, there are two possible transferee courts under § 2241(d). Moreover, because the petition as filed is so vague, either District to receive this action will most likely—in addition to requiring the filing of an IFP motion—direct Crittenden to amend this petition. Here, transfer makes little practical sense. *Contra Marin v. Florida*, No. 4:13cv65–MW/CAS, 2013 WL 1405913, at *1 (N.D. Fla. Mar. 19, 2013) (after recognizing that the state prisoner's habeas petition (filed under § 2241, but, most likely, seeking relief pursuant to § 2254) was filed in the wrong federal district,

3

determining that the case should be transferred to the *only* correct federal district, as opposed to being dismissed for lack of jurisdiction), *report and recommendation adopted*, 2013 WL 1405910 (N.D. Fla. Apr. 8, 2013).

## II.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and

punctuation modified)). Inasmuch as the Court is without subject matter jurisdiction to entertain the instant petition/motion, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant motion, with prejudice, for want of jurisdiction or that Crittenden should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."); *see also Workman*, 2010 WL 5151643, at *1 ("Having determined that it lacks jurisdiction over the instant proceeding, the court will . . . decline to issue a certificate of appealability because White has failed to make a 'substantial showing of the denial of a constitutional right.'" (quoting § 2253(c)(2))).

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[2]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for

---

[2] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

### III. Conclusion

For all of the reasons discussed above, the Magistrate Judge **RECOMMENDS** that the instant habeas petition (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction and that the Court find that Crittenden is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

### IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of April, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**